ANDRÉ BIROTTE JR.
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
DANIEL LAYTON (SBN 240763)
Assistant United States Attorney
    Room 7211 Federal Building
    300 North Los Angeles Street
    Los Angeles, CA 90012
    Telephone: (213) 894-6165
    Facsimile: (213) 894-0115
    Email: Daniel.Layton@usdoj.gov
Attorneys for the United States of America

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| Leroy J. Dissinger,<br><br>    Petitioner,<br><br>vs.<br><br>United States of America, Internal Revenue Service, and Angela Y. Holden, IRS Revenue Agent,<br><br>    Respondents. | Case No. 11-CV-04631 JHN (SSx)<br><br>Reply in Support of Motion for Summary Denial of Petition to Quash IRS Third Party Summonses and to Dismiss for Lack of Jurisdiction<br><br>Hearing before Judge Nguyen:<br>Date:    Sept.12, 2011, 2:00 p.m.<br>Address:    Roybal Federal Bldg<br>Courtroom 790, 255 E. Temple St.<br>Los Angeles. CA. 90012 |

## THERE IS NO DISPUTE THAT THE SECOND, FOURTH AND FIFTH CAUSES OF ACTION ARE MERITLESS

The petition was based on five "causes of action," which alleged the IRS' summons issued to the custodian of records for Bank of America, N.A., ("**subject summons**") was invalid for the following reasons: (1) he had not been given advance notice of third party contact or a record of third party contacts, (2) there is a criminal referral to the Department of Justice, (3) the lack of notice and criminal referral cause the summons to be in bad faith, (4) the summons violates federal privacy laws, and (5) the summons violates state privacy laws. Petitioner's reply (attached hereto as Ex. C, as it does not currently appear on the ECF) fails to dispute that the second, fourth and fifth causes of action lack merit.

Petitioner also does not dispute that there is no waiver of sovereign immunity for any of his second, third, and fourth prayers for relief - that he be

provided copies of various documents by the IRS and the IRS pay his fines. Thus, such relief must be denied. Equally, there is no dispute that Revenue Agent Alex Medley and the IRS are improper parties and must be dismissed.

## PLAINTIFF'S ASSERTION, AS TO THE REMAINING CAUSES OF ACTION, THAT HE HAS NOT BEEN PROVIDED A RECORD OF THIRD PARTY CONTACTS IS MERITLESS

With respect to the first and third causes of action, plaintiff fails to dispute that he received advance notice of third party contacts. Rather, his only remaining assertion is that he has not been provided a periodic record of third party contacts under 26 U.S.C. § 7602(c). As argued in the government's motion, petitioner was mailed a record of the third party contact, a copy of the summons, on May 6, 2011. See Gudenau v. United States, 98 A.F.T.R.2d (RIA) 6746, 2006 U.S. Dist. LEXIS 79896, 25-27 (D. Haw. 2006) (agreeing that the notices themselves are the notices required by § 7602(c)). Petitioner does not dispute this fact in his opposition, and cannot credibly do so as the summons was attached to the petition. Thus, petitioner's remaining causes of action, that the IRS did not comply with 7602(c) and acted in bad faith as a result, are without merit.

Accordingly, summary denial or dismissal is appropriate.

## THE PETITION WAS NOT PROPERLY SERVED ON THE UNITED STATES

First, while petitioner's reply asserts broadly that service was proper, he does not dispute that the United States has only been served an *unfiled* copy of the petition. As discussed at length in the government's motion (and not restated here in full for brevity's sake), an unfiled copy of a pleading does not notify a party that such pleading has actually been filed, and does not permit a defending party to understand <u>when</u> it's duty to respond begins. Without service of a *filed* copy of the petition, there has been no proper service.

In this case, however, the U.S. Attorney's Office and the Attorney General were not served at all as required by Fed. R. Civ. P. 4(i), even with an unfiled copy of the petition. In his opposition, petitioner does not directly allege, and does not

1. establish by declaration, that he served the U.S. Attorney's Office. Rather, he
2. alleges "the certificate of service attached to petitioner's petition is evidence that
3. the government was served..." and "the proof of service on file with shows that
4. service was listed as ... 300 North Los Angeles Street, Los Angeles... ." The proof
5. of service is on page 6 of the petition. See ECF Doc. 1, p. 6. It starts with a
6. certification paragraph, and ends with petitioner's signature on that same page.
7. That page does not account for service upon the U.S. Attorney's Office or the
8. Attorney General. Rather, those addresses appear on the following page,
9. uncertified, separate and unincorporated.
10.     The government asserts that petitioner's failure to certify or declare to
11. service on the U.S. Attorney's Office with the petition, and failure to specifically
12. allege or declare as to actual service in his opposition, are significant because
13. petitioner has not served the U.S. Attorney's Office. The tracking number for the
14. U.S. Attorney's Office's mailing, according to page 7 of the petition, is 7010 0290
15. 0001 5409 0763. See **Exhibit A**, attached hereto, a printout of the United States
16. Postal Service's online Track & Confirm for certified mail number 7010 0290 0001
17. 5409 0763 (showing no record). See also **Exhibit B**, attached hereto, printouts of
18. USPS Track & Confirm for the other certified mail numbers on pages 6 and 7 of
19. the petition (showing delivery for those listed on page 6, but no record for the
20. mailing purporting to be to the attorney general on page 7).

## CONCLUSION

For the above reasons, the Court should deny, or dismiss, the Petition.

Respectfully submitted,

ANDRÉ BIROTTE JR., United States Attorney
SANDRA R. BROWN, Assistant U.S. Attorney
Chief, Tax Division

DANIEL LAYTON, Assistant U.S. Attorney

6/25/11

**EXHIBIT A**

Customer Service    USPS Mobile                                                                      Register / Sign In

 USPS.COM                                                                        Search USPS.com or Track Packages

Quick Tools            Ship a Package        Send Mail        Manage Your Mail        Shop        Business Solutions

# Track & Confirm

**You entered: 70100290000154090763**

Sorry, there's no information for that number. It may not be in our system yet; please check back later.

**Check Again**

What's your label (or receipt) number?

Find

**LEGAL**
Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

**ON USPS.COM**
Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Site Index ›

**ON ABOUT.USPS.COM**
About USPS Home ›
Newsroom ›
Mail Service Updates ›
Forms & Publications ›
Careers ›

**OTHER USPS SITES**
Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›

Copyright© 2011 USPS. All Rights Reserved.

**EXHIBIT B**

Customer Service    USPS Mobile                                                          Register / Sign In



Search USPS.com or Track Packages

Quick Tools            Ship a Package          Send Mail          Manage Your Mail          Shop          Business Solutions

# Track & Confirm

**You entered:** 70100290000154090800

**Status: Delivered**
Your item was delivered at 10:36 am on May 27, 2011 in LOS ANGELES, CA 90051.
Additional information for this item is stored in files offline.

Additional Information for this item is stored in files offline. You may request that the additional information be retrieved from the archives, and that we send you an e-mail when this retrieval is complete. Requests to retrieve additional information are generally processed within four hours. This information will remain online for 30 days.

I would like to receive notification on this request

Restore

**Find Another Item**
What's your label (or receipt) number?

Find

| LEGAL | ON USPS.COM | ON ABOUT.USPS.COM | OTHER USPS SITES |
|---|---|---|---|
| Privacy Policy › | Government Services › | About USPS Home › | Business Customer Gateway › |
| Terms of Use › | Buy Stamps & Shop › | Newsroom › | Postal Inspectors › |
| FOIA › | Print a Label with Postage › | Mail Service Updates › | Inspector General › |
| No FEAR Act EEO Data › | Customer Service › | Forms & Publications › | Postal Explorer › |
|  | Site Index › | Careers › |  |

Copyright© 2011 USPS. All Rights Reserved.

https://tools.usps.com/go/TrackConfirmAction.action                                    8/25/2011

Customer Service     USPS Mobile                                                                         Register / Sign In



Search USPS.com or Track Packages

Quick Tools          Ship a Package        Send Mail        Manage Your Mail        Shop        Business Solutions

# Track & Confirm

**You entered: 70100290000154090817**

**Status: Delivered**
Your item was delivered at 11:21 am on May 24, 2011 in DALLAS, TX 75244. Additional information for this item is stored in files offline.

Additional Information for this item is stored in files offline. You may request that the additional information be retrieved from the archives, and that we send you an e-mail when this retrieval is complete. Requests to retrieve additional information are generally processed within four hours. This information will remain online for 30 days.

I would like to receive notification on this request

Restore

## Find Another Item
What's your label (or receipt) number?

Find

**LEGAL**
Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

**ON USPS.COM**
Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Site Index ›

**ON ABOUT.USPS.COM**
About USPS Home ›
Newsroom ›
Mail Service Updates ›
Forms & Publications ›
Careers ›

**OTHER USPS SITES**
Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›

Copyright© 2011 USPS. All Rights Reserved.

Customer Service    USPS Mobile      Register / Sign In



Search USPS.com or Track Packages

Quick Tools    Ship a Package    Send Mail    Manage Your Mail    Shop    Business Solutions

# Track & Confirm

**You entered: 70100290000154090770**

Sorry, there's no information for that number. It may not be in our system yet; please check back later.

**Check Again**

What's your label (or receipt) number?

Find

LEGAL
Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

ON USPS.COM
Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Site Index ›

ON ABOUT.USPS.COM
About USPS Home ›
Newsroom ›
Mail Service Updates ›
Forms & Publications ›
Careers ›

OTHER USPS SITES
Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›

Copyright© 2011 USPS. All Rights Reserved.

**EXHIBIT C**

LEROY J. DISSINGER
656 Water Oak Drive
Plano, TX 75025
Petitioner, Pro Se

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| LEROY J. DISSINGER,<br><br>　　　　Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>INTERNAL REVENUE SERVICE, and<br>ANGELA Y. HOLDEN, IRS REVENUE<br>AGENT,<br><br><br>　　　　Respondents. | CASE NO. 11-CV-04631 JHN (SSx)-(CWx)<br><br>Petitioner's Opposition To The United States' Motion For Summary Denial Of Petition To Quash Third Party Summonses And To Dismiss For Lack Of Jurisdiction; Memorandum Of Points and Authorities<br><br>Judge: Hon. Jacqueline H. Nguyen<br>Date: September 12, 2011<br>Time: 2:00 p.m.<br>Courtroom: 790 |



1

COMES NOW LEROY J. DISSINGER, Petitioner, *pro se*, and hereby opposes the United States' Motion for Summary Denial of Petition To Quash Third Party Summonses and to dismiss for lack of jurisdiction; Memorandum of Points and Authorities; Declaration. In support thereof Petitioner represents as follows:

The United States has moved to dismiss the petition to quash the IRS summons on a variety of grounds. This is petitioner's opposition thereto.

**A.    SERVICE OF PROCESS WAS SUFFICIENT[1].**  The United States apparently contends that because the United States Attorney and the Attorney General was not served pursuant to Fed.R.Civ.P. 4(i)(1)(A)&(B) the Court is without jurisdiction for lack of service. The government is mistaken as the rule is inapplicable for purposes of serving a petition to quash an IRS Summons. *See, Vano v. United States*, 181 F. Supp. 2d 956 (N.D.Ind., 2001). In *Vano* the Court explained that when there is "evidence that the Attorney General was served by registered mail . . . under the rules relating to petitions to quash IRS summonses, 26 U.S.C. § 7609 et seq., the filing of a petition to quash does not require a summons." *Also see, KPASA, LLC v. United States*, 2004 U.S. Dist. LEXIS 8720, *; 93 A.F.T.R.2d (RIA) 2294; (N.D. IL); *Sunshine Behavioral Health Servs. v. United States*, 2009 U.S. Dist. LEXIS 58711, *; 104 A.F.T.R.2d (RIA) 5104 citing *Prewitt Enterprises, Inc. v. Organization of Petroleum Exporting Countries*, 353 F.3d 916, 925 (11th Cir. 2003) (noting that dismissal based on a party's failure to strictly comply with service of process is not required if party substantially complied with service requirement and Defendant was on notice of the action)

---

[1] Petitioner has request a summons in this case several times and the clerk or court has refused to send one. Petitioner asks for assistance from the court.

2

The certificate of service attached to petitioner's petition is evidence that the government was properly served in accordance with the rules which govern IRS summonses. The government's argument is without merit. The government claims that the United States Attorney's Office is not located in the building of 255 E. Temple St. and requests the Court take judicial notice thereof. Petitioner concurs with the taking of judicial notice. However, the proof of service on file with the Court shows that service made on the United States Attorney was listed as ANDRÉ BIROTTE JR UNITED STATES ATTORNEY Sandra R. Brown Assistant United States Attorney The United States Attorney's Office Central District of California Tax Division Federal Building, Suite 7211 300 North Los Angeles Street Los Angeles, California 90012 – the same address set forth on the Respondents, Motion for Summary Denial of Petition to Quash, [**DOC 3**].

The government also complains that the certificate of service predates the assignment of a case number which is apparently fatal. *See, Prewitt, supra.* Obviously, given the length of the government's "brief" the government was not prejudiced in this matter. And, the fact that the government can access 'PACER', the electronic filing system, the government was well aware the Petition had been filed timely.

The government's reliance upon *Kaczmarcik v. Van Meter*, 175 B.R. 64 (B.A.P. 9th Cir. 1994) is disingenuous. *Kaczmarcik* dealt with the propriety of setting aside a default judgment. The crux of the *Kaczmarcik* complaint was to determine the dischargeability of a debt which was incurred due to the Van Meter's fraudulent actions, for which Jerry Van Meter had been criminally convicted and incarcerated. The Court's decision to set aside the default judgment was for the reason that the unfiled complaint, and unissued summons, both together, served as a basis therefore. Here, those facts are not present because the complaint is filed, was filed at the time

the government responded to the Petition to Quash the IRS Summons, and the Petition was served in accordance with 26 U.S.C. § 7609 et seq., as explained above.

**B. IRS' ABUSE OF PROCESS.** The government also contends there is no abuse of process by the IRS. The government is wrong. If a summons is issued for an improper purpose, no matter how the otherwise proper purpose of the summons is, it must be quashed. *U.S. v. Southeast First Nat. Bank, etc.*, 655 F.2d 661 (5th Cir. 1981); *United States v. LaSalle Nat'l Bank*, 437 U.S. 298; *United States v. Southeast First Nat. Bank*, 655 F.2d 661, 665 (5th Cir. 1981); *United States v. Stuckey*, 646 F.2d 1369, fn.4 (9th Cir.,1981)(If any summons is issued solely for an improper purpose, it will not be enforced "even in the face of an overwhelming civil purpose for the investigation as a whole." *Cf. United States v. Omohundro*, 619 F.2d 5; (10th Cir. 1980)); *Mazurek v. U.S.*, 271 F.3d 226, 231 (5th Cir. 2001) ("An abuse of the judicial process occurs when a summons is sought for an "improper purpose, such as . . . harass[ing] the taxpayer, . . . put[ting] pressure on him to settle a collateral dispute" or obtaining information solely for a criminal prosecution under the guise of a civil liability investigation.") [2]; *Crystal v. U.S.*, 172 F.3d 1141, 1144 (9th Cir. 1999); *U.S. v. Barrett*, 837 F.2d 1341, 1345 (5th Cir. 1988) (same).

In Petitioner' First Cause of Action it is alleged that the government failed to periodically provide Peterson with a record of persons contacted by IRS about Peterson as required by 26 U.S.C. Section 7602(c)(1)&(2).[3] This is part of the statutory process

---

[2] This is not an exclusive list.

[3] Sec 7602(c)(2) specifically states that "The Secretary shall periodically provide to a taxpayer a record of persons contacted during such period by the Secretary with respect to the determination or collection of the tax liability of such taxpayer. Such record shall also be provided upon request of the taxpayer.

4

the IRS is required to comply with in order to meet the Powell [4] good faith standards. Petitioner also alleged in his Fourth Cause of Action that because of the government violation of Section 7602(c)(1)&(2) the IRS abused the summons process and failed to meet the good faith requirements of *Powell*. As the government recognizes, in order to be in line with *Powell* all the administrative steps required by the Internal Revenue Code must be complied with. *Id.* @57-58. By the admission of Revenue Agent Angela Holden, in her declaration, the IRS failed to comply with all administrative procedures.

Holden's declaration at paragraphs 5 and 6 states that " . . . initial contact letters was a copy of I.R.S. Publication I, *Your Rights as a Taxpayer*", which "informs the taxpayer that the I.R.S. may contact third parties during the examination." (Holden Dec. ¶ 6.) That is only one disjunctive part of Section 7602. While the I.R.S. is mandated to inform the taxpayer of the possibility of third party contacts and, the petitioner may certainly request such a list, it does not obviate the IRS' requirement to <u>"periodically provide to a taxpayer a record of persons contacted during such period by the Secretary with respect to the determination or collection of the tax liability of such taxpayer."</u> According to the clear language of Section 7602(c)(2) the IRS' duty to provide the taxpayer with such a list is not obviated by the taxpayer's failure to request such a list or by providing an IRS publication to the taxpayer; as whether the taxpayer requests such a list or a publication is provided, <u>the requirement by Congress which mandates the IRS to periodically provide such a list during the life of the summons investigation still exists.</u> Of course, Holden's declaration does not deal with this innocuous Congressional Mandate, as it cannot.

---

[4] *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248 (1964).

"As with any question of statutory interpretation, our analysis begins with the plain language of the statute." *Jimenez v. Quarterman*, 555 U.S. 113, 129 S.Ct. 681, 685, 172 L.Ed.2d 475 (2009)." *U.S. v. Jean Pierre*, 636 F.3d 416, 425 (8th Cir. 2011). Particular phrases must be construed in light of the overall purpose and structure of the whole statutory scheme. *Dole v. United Steelworkers*, 494 U.S. 26, 35 (1990). "On a pure question of statutory construction, our first job is to try to determine congressional intent, using traditional tools of statutory construction." *NLRB v. Food and Commercial Workers*, 484 U.S. 112, 123 (1987). Our "starting point is the language of the statute," *Schreiber v. Burlington Northern, Inc.*, 472 U.S. 1, 5 (1985), but "'in expounding a statute, we are not guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy.'" *Massachusetts v. Morash*, 490 U.S. 107, 115 (1989), quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 51 (1987). *See also K mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988) (same).

As Revenue Agent Holden admitted in her declaration, and as a matter of law as alleged in the Petitioner's Petition to Quash, the IRS has not complied with the good faith requirements of *Powell*, as it has not complied with the statutory mandates of Section 7602(c)(1)&(2). Therefore, the summons is Congressionally prohibited from being enforced.

## CONCLUSION

The government was properly served with the petition to quash the summons. The government's argument to the contrary is without merit.

To the extent that this summons is due to be dismissed for an abuse of process and abuse of the summons process the rest of the government's arguments are moot as Revenue Agent

6

Holden has admitted that the IRS did not comply with the summons process, specifically 7602(c)(2), a Congressional mandate required to be met before a summons can be enforced. There is no "wiggle room" here as either the IRS is bound by Congressionally mandated law, or it is not. If the IRS is bound by Congress the Court is foreclosed from enforcing the summons, even if for a seemingly unremarkable reason. It is not for the Court to judge the wisdom of Congress when they enact a statute. However, it is the Court's duty to carry out the duty assigned to it by the Constitution.

Dated: August 16th, 2011

/s/ Leroy John Dissinger
LEROY J. DISSINGER
656 Water Oak Drive
Plano, TX 75025
Petitioner, Pro Se

## CERTIFICATE OF SERVICE

I, LEROY J. DISSINGER, certify that true copies of the attached "Petitioner's Opposition To The United States' Motion For Summary Denial Of Petition To Quash Third Party Summonses And To Dismiss For Lack Of Jurisdiction; Memorandum Of Points and Authorities" have been served, on this 16th day of August, 2011, via First Class Mail, postage prepaid to each of the following parties:

ANDRÉ BIROTTE JR
UNITED STATES ATTORNEY
Sandra R. Brown
**Daniel Layton**
Assistant United States Attorney
The United States Attorney's Office
Central District of California
Tax Division
Federal Building, Suite 7211
300 North Los Angeles Street
Los Angeles, California 90012
(213) 894-5810

_____
LEROY J. DISSINGER
656 Water Oak Drive
Plano, TX 99654
Petitioner, Pro Se

| | |
|---|---|
| 1 | **PROOF OF SERVICE BY MAILING** |
| 2 | I am over the age of 18 and not a party to the within action. I am employed by the Office |
| 3 | of the United States Attorney, Central District of California. My business address is 300 North |
| 4 | Los Angeles Street, Suite 7211, Los Angeles, California 90012. |
| 5 | On **August 26, 2011**, I served |
| 6 | |
| 7 | Reply in Support of Motion for Summary Denial of Petition to Quash IRS Third Party |
| 8 | Summonses and to Dismiss for Lack of Jurisdiction |
| 9 | |
| 10 | person and entity name below by enclosing a copy in an envelope addressed as shown below and |
| 11 | placing the envelope for collection and mailing on the date and at the place shown below |
| 12 | following our ordinary office practices. I am readily familiar with the practice of this office for |
| 13 | collection and processing correspondence for mailing. On the same day that correspondence is |
| 14 | placed for collection and mailing, it is deposited in the ordinary course of business with the |
| 15 | United States Postal Service in a sealed envelope with postage fully prepaid. |
| 16 | SEE ATTACHED. |
| 17 | Date of mailing: **August 26, 2011.** |
| 18 | Place of mailing: Los Angeles, California |
| 19 | I declare under penalty of perjury under the laws of the United States of America that the |
| 20 | foregoing if true and correct. |
| 21 | I declare that I am employed in the office of a member of the bar of this court at whose |
| 22 | direction the service was made. |
| 23 | Executed on: **August 26, 2011**, Los Angeles, California. |
| 26 | MARIA LUISA Q. BULLARD |

LEROY J. DISSINGER V. USA , ET AL
CV 11-04631 JHN(SSx)


SERVICE LIST:


Leroy J. Dissinger
656 Water Oak Drive
Plano, TX 75025